UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ZACHARY HATFIELD, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 1:23-cv-00039-H |
| AMGUARD INSURANCE COMPANY, | § § § | |
| *Defendant*. | § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Zachary Hatfield ("Plaintiff") hereby files his First Amended Complaint against Defendant AmGuard Insurance Company ("Defendant") (collectively "the Parties"), and for good cause would show this Court the following:

### PARTIES

1. Plaintiff, Zachary Hatfield, is an individual domiciled in Howard County, Texas.

2. Defendant, AmGuard Insurance Company, is an insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. The Defendant may be served, and has been served, with process by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court and the parties are diverse.

4. Venue is proper in this Court because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

5. Plaintiff owns the insured property, which is specifically located at 2101 E. 25th Street, Big Spring, Texas 79720 (hereinafter the "Property").

6. Plaintiff is the owner of Texas Insurance Policy Number ZAHD203738 (hereinafter the "Policy"), which was issued by Defendant Ins Co.

7. Defendant sold the Policy insuring the Property to Plaintiff.

8. On or about March 13, 2021, the Plaintiff suffered a covered cause of loss to the insured property from wind/hail.

9. Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the hail and/or windstorm.

10. Upon information and belief, Defendant assigned number GHAG21050152 to this claim.

11. Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

12. On July 24, 2022, Defendant invoked the appraisal provision under the Policy and designated Shan Bell as their appraiser.

13. On October 18, 2022, Plaintiff designated Gary Johnson as his appointed appraiser, and communicated all of Defendant's appraiser's information. Gary Johnson subsequently passed away, and his son, Josh Johnson, was appointed as Plaintiff's appraiser.

14. On April 11, 2023, the Parties filed an Agreed Motion to Abate for Appraisal (Dkt. 14). The Parties subsequently filed a Joint Motion to Extend Abatement on July 12, 2023 (Dkt. 16).

15. On August 29, 2023, the appraisal was finalized and signed and produced an appraisal award of $137,929.55 RCV, $74,640.19 ACV.

16. On September 11, 2023, Defendant stated by letter to Plaintiff that it declined payment of the appraisal award.

17. The following day, the Parties jointly filed a Joint Status Report Concerning Appraisal, in which the Parties notified this Court that the appraisal had concluded, but that Defendant had notified Plaintiff that it declined payment of the award. The Report further informed the Court that the appraisal had not resolved the matter, and that the case was ripe for a scheduling order.

18. To date, Defendant continues to refuse payment of the appraisal award.

## CAUSES OF ACTION

19. Defendants are liable to Plaintiff for intentional breach of contract due to its refusal to pay the appraisal award, as well as intentional violations of the Texas Insurance Code.

## BREACH OF CONTRACT

20. The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendants.

21. The Parties participated in the appraisal process per the terms of the Policy.

22. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

23. Defendant's failure and/or refusal, as described above, to pay the appraisal award as it is obligated to do under the terms of the Policies in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

24. The Defendant's breach proximately caused Plaintiff's injuries and damages.

25. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

26. The claims are under insurance policies with the Defendants of which Plaintiff gave proper notice. The Defendants are liable for the claims. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

27. Defendant's failure to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

28. Defendant's failure to notify Plaintiff in writing of their acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims. Tex. Ins. Code §542.056.

29. Defendant's delay of the payment of Plaintiff's claims following their receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. Defendant's further delay of payment of the appraisal award as described above constitutes non-prompt payment of the claim. Tex. Ins. Code §542.058.

30. Each of the foregoing unfair settlement practices were completed knowingly by the Defendants, and were a producing cause of Plaintiff's injuries and damages.

## DAMAGES

31. Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for its injuries, damages, and losses incurred and to be incurred. From the date of the occurrences in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees,

treble damages, statutory interest, and exemplary damages.

32. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

33. The damages caused by the hailstorms and/or windstorms have not been properly addressed or repaired in the months since the storms, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

34. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claims, together with attorney's fees and pre-judgment interest.

35. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount claimed, as well as eighteen (18) percent interest per annum on the amount of such claims as damages, together with attorney's fees. Tex. Ins. Code §542.060.

36. For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

37. Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

38. Plaintiff requests a jury trial, and has tendered any and all requisite fees for such along with the filing of this *Plaintiff's First Amended Complaint*.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court enforce the appraisal award as determined by the Parties' appraisers, and that this Court awards Plaintiff damages as follows:

1) Judgment against Defendants for actual damages in an amount to be determined by the jury;

2) Full payment of the appraisal award

3) Statutory benefits;

4) Pre-judgment interest as provided by law;

5) Post-judgment interest as provided by law;

6) Attorneys' fees;

7) Costs of suit;

8) Such other and further relief to which Plaintiff may be justly entitled.

    Respectfully Submitted,

By:   */s/ Michael E. Cooper*
    Michael E. Cooper
    Texas Bar No. 24131142
    Email: mcooper87@hodgefirm.com
    Shaun W. Hodge
    Texas Bar No. 24052995
    Email: shodge@hodgefirm.com
    The Hodge Law Firm, PLLC
    The Historic Runge House
    1301 Market Street
    Galveston, Texas 77550
    Telephone: (409) 762-5000
    Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on September 18, 2023, a copy of the foregoing was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Jonathan R. Peirce
Texas Bar No. 24088836
SHEEHY, WARE, PAPPAS & GRUBBS, P.C.
JPeirce@sheehyware.com
2500 Two Houston Center
909 Fannin
Houston, Texas 77010
713-951-1000
713-951-1199 – Facsimile

    And

Jana H. Taylor
Texas Bar No. 24012826
JTaylor@sheehyware.com
SHEEHY, WARE, PAPPAS & GRUBBS, P.C.
3838 Oak Lawn Avenue, Suite 250
Dallas, Texas 75219
214-521-7500
214-520-1708 – Facsimile

ATTORNEYS FOR DEFENDANT
AMGUARD INSURANCE COMPANY

                                                                   */s/ Michael E. Cooper*
                                                                     Michael E. Cooper